1

2

3

4

5

6

7

8

9

Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11

12

13

14

15

16

| | |
|---|---|
| KELLEY CALDWELL,<br><br>                        Plaintiff,<br><br>   V<br><br>THOMAS MODLY, Acting Secretary of the<br>Navy, [1]<br><br>                        Defendant. | NO.  C19-6095 BHS<br><br>DEFENDANT'S ANSWER |

17

18

19

20

21

        Defendant Thomas Modly, Acting Secretary of the United States Department of the Navy
("Defendant"), by and through his attorneys, Brian T. Moran, United States Attorney for the
Western District of Washington, and Patricia D. Gugin, Assistant United States Attorney for said
District, hereby answers Plaintiff's Complaint as follows:

22

                        I.   JURISDICTION AND VENUE

23

24

        1.1     The allegations of Paragraph 1.1 are legal conclusions to which no response is
required.  To the extent an answer is deemed required, denied.

25

26

        1.2     The allegations of Paragraph 1.2 are legal conclusions to which no response is
required.  To the extent an answer is deemed required, Defendant admits only that it processed

27

28

---

[1] Thomas Modly is now Acting Secretary of the Department of the Navy, so pursuant to Fed. R. Civ. P. 25(d), he is
automatically substituted as the proper party.

ANSWER
C19-6095 BHS 1

Plaintiff's administrative complaints in accordance with 42 U.S.C. § 2000e-16(c).  All other allegations are denied.

1.3     The allegations of Paragraph 1.3 are legal conclusions to which no response is required.  To the extent an answer is deemed required, Defendant admits that it issued the Final Agency Decision on September 20, 2019.

1.4     The allegations of Paragraph 1.4 are legal conclusions to which no response is required.

1.5     The allegations of Paragraph 1.5 are legal conclusions to which no response is required.

## II.   STATUS OF PLAINTIFF

2.1     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.1 and, on that basis, denies therein.

2.2     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2.2 and, on that basis, denies the allegations.

2.3     The allegations of Paragraph 2.3 calls for a legal conclusion; to the extent an answer is required, Defendant denies the allegations contained therein.

2.4     Defendant admits only that a doctor provided a note on May 31, 2018, stating Plaintiff is released to work without any restriction as long as she is wearing active noise cancelation ear protections. Except as expressly admitted, Defendant denies the remaining allegations contained therein.

2.5     Defendant denies the allegation of Paragraph 2.5.

2.6     Defendant admits the allegation of Paragraph 2.6.

2.7     The allegations of Paragraph 2.7 calls for a legal conclusion; to the extent an answer is deemed required, Defendant denies the allegations contained therein.

ANSWER
C19-6095 BHS 2

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

2.8     The allegations of Paragraph 2.8 calls for a legal conclusion; to the extent an answer is deemed required, Defendant denies the allegations contained therein.

2.9     Defendant admits only as to some Defendant employees.  All other allegations are denied.

2.10    Defendant admits only as to some Defendant employees the allegation of Paragraph 2.10, insofar as some Defendant employees were aware that a test of Plaintiff's hearing in 2014 indicated that she had "mild to severe Chronic Hearing Loss" in the right ear, and that this finding was subsequently confirmed in 2015, 2016, and 2017.  All other allegations are denied.

III.      STATUS OF DEFENDANT

3.1     Defendant admits the allegation of Paragraph 3.1.

3.2     Defendant admits the allegation of Paragraph 3.2.

3.3     Defendant admits the allegation of Paragraph 3.3.

IV.       FACTS

4.1     Defendant references its answers to the paragraphs in sections I, II, and III, and incorporates them herein.

4.2     Defendant admits the allegation of Paragraph 4.2.

4.3     Defendant admits the allegation of Paragraph 4.3.

4.4     Defendant admits that the full performance level of Plaintiff's position was GS-10. Except as expressly admitted, Defendant denies the allegation in Paragraph 4.4.

4.5     Defendant admits that on or about the time that the Plaintiff was hired in July 2015, she underwent an entrance physical that noted a hearing impairment. Except as expressly admitted, Defendant denies the allegations of Paragraph 4.5.

ANSWER
C19-6095 BHS 3

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

4.6     Defendant admits only that on or about the time that the Plaintiff was hired in July 2015, she underwent an entrance physical that noted a hearing impairment. Except as expressly admitted, Defendant denies the allegations of Paragraph 4.6.

4.7     Defendant admits the allegation of Paragraph 4.7.

4.8     Defendant admits only that Plaintiff underwent a hearing test on July 11, 2016 at Puget Sound Naval Shipyard (PSNS). Except as expressly admitted, Defendant denies the allegation of Paragraph 4.8.

4.9     Defendant admits only that Plaintiff underwent a hearing test on July 11, 2016 at PSNS, and that the examiner stated in her notes that Plaintiff had to use sound protection to protect her hearing, and that she should be cleared by an Occupational Medical Provider or Audiologist before working in an area with excessive noise.  Except as expressly admitted, Defendant denies the allegation of Paragraph 4.9.

4.10     Defendant denies the allegations of Paragraph 4.10.

4.11     Defendant acknowledges that a PSNS Audiologist stated that Plaintiff should be issued a pair of active noise earmuffs on August 16, 2017.  Except as expressly admitted, Defendant denies the allegations in Paragraph 4.11.

4.12     Defendant denies the allegations of Paragraph 4.12.

4.13     Defendant lacks knowledge or information sufficient to form a belief about then truth of the allegations, and therefore denies the allegations of Paragraph 4.13.

4.14     Defendant denies the allegations of Paragraph 4.14.

4.15     Defendant denies the allegations of Paragraph 4.15.

4.16     Defendant denies the allegations of Paragraph 4.16.

4.17     The allegations of Paragraph 4.17 calls for a legal conclusion; to the extent an answer is deemed required, Defendant denies the allegations contained therein.

4.18     Defendant denies the allegations of Paragraph 4.18.

ANSWER
C19-6095 BHS 4

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

4.19    Defendant admits the allegations of Paragraph 4.19.

4.20    Defendant denies the allegations of Paragraph 4.20.

4.21    Defendant admits only that Plaintiff contacted Ms. Parrish, and that Ms. Parrish stated that Plaintiff's Student Loan Repayment Request (SLRP) was still under consideration. Except as expressly admitted, Defendant denies the allegations of Paragraph 4.21.

4.22    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 4.22.

4.23    Defendant denies the allegations of Paragraph 4.23.

4.24    The allegations of Paragraph 4.24 calls for a legal conclusion; to the extent an answer is deemed required, Defendant denies the allegations contained therein.

4.25    Defendant denies the allegations of Paragraph 4.25.

4.26    The allegations of Paragraph 4.26 calls for a legal conclusion; to the extent an answer is deemed required, Defendant denies the allegations contained therein.

4.27    Defendant admits only that Plaintiff was sent a letter on October 23, 2017, which informed her that no accommodation could be provided to her in her current position, and that she was eligible to be considered for reassignment to another position. This letter further stated Plaintiff could temporarily be gainfully employed on certain projects that were located away from industrial noise until those projects could be completed.  Except as expressly admitted, Defendant denies the allegations of Paragraph 4.27.

4.28    Defendant denies the allegations of Paragraph 4.28.

4.29    Defendant admits the allegations of Paragraph 4.29.

4.30    Defendant admits the allegations of Paragraph 4.30.

4.31    Defendant denies the allegations of Paragraph 4.31.

4.32    Defendant denies the allegations of Paragraph 4.32.

ANSWER
C19-6095 BHS 5

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

4.33    Defendant admits that Plaintiff was not promoted in March 2018. Except as expressly admitted, Defendant denies the allegations of Paragraph 4.33.

4.34    Defendant admits the allegations of Paragraph 4.34.

4.35    Defendant admits only that Plaintiff withdrew her request for reassignment on June 12, 2018, and was promoted on July 22, 2018.  Except as expressly admitted, Defendant denies the allegations of Paragraph 4.35.

4.36    Defendant denies the allegations of Paragraph 4.36.

4.37    Defendant admits only that it released a Final Agency Decision on September 30, 2019.  Except as expressly admitted, Defendant denies the allegations of Paragraph 4.37.

## V.  FOR A FIRST CAUSE OF ACTION
### DENIAL OF REASONABLE ACCOMMODATION
In violation of the Rehabilitation Act of 1973

5.1    Defendant admits the allegations of Paragraph 5.1.

5.2    The allegations of Paragraph 5.2 calls for a legal conclusion, to which no response is required.  To the extent that a response is deemed required, denied.

5.3    Defendant admits the allegations of Paragraph 5.3.

5.4    The allegations of Paragraph 5.4 calls for a legal conclusion; to the extent an answer is deemed required, denied.

5.5    Defendant admits only that Plaintiff requested as a reasonable accommodation either a "limit [on the] amount of time spent in noisy location such as sub[marine] when grinding and double protection required; detail to job that limits time on waterfront."

5.6    Defendant denies the allegations of Paragraph 5.6.

5.7    Defendant denies the allegations of Paragraph 5.7 (a) – (f).

5.8    Defendant denies the allegations of Paragraph 5.8 (a) – (f).

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

VI.    FOR A SECOND CAUSE OF ACTION
RETALIATION
In violation of the Rehabilitation Act of 1973

6.1    Defendant references its answers to the paragraphs in sections I through VI and incorporates them herein.

6.2    Defendant denies the allegation of Paragraph 6.2 (a) – (d).

6.3    Defendant denies the allegation of Paragraph 6.3 (a) – (d).

6.4    Defendant denies the allegation of Paragraph 6.4.

6.5    Defendant denies the allegation of Paragraph 6.5 (a) – (f).

VII.    PRAYER FOR RELIEF

Plaintiff's Prayer for Relief does not require an answer, but to the extent an answer is deemed required, denied.

DENIAL OF ANY CLAIM NOT ADMITTED

To the extent that any claim in Plaintiff's complaint is not specifically admitted herein, it is hereby expressly denied.

AFFIRMATIVE DEFENSES AND OTHER DEFENSES

1.    The Complaint fails to state a claim against Defendant upon which relief can be granted.

2.    All actions taken by Defendant with respect to Plaintiff were based upon legitimate, nondiscriminatory reasons.  Defendant would have taken the same actions regardless of any alleged discrimination or retaliation.

3    Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

4.    Plaintiff may have failed to exhaust his administrative remedies with respect to some or all of his claims.

5.    Plaintiff failed to timely exhaust some or all of his claims.

7.      Some or all of Plaintiff's claims are barred by the Civil Service Reform Act.

8.      Defendant has had a legitimate business reason for every action taken regarding Plaintiff, including but not limited to the actions admitted herein.

9.      Defendant's actions, about which Plaintiff now complains, were a just and proper exercise of management discretion, undertaken for fair and honest reasons in good faith under the circumstances then existing.

10.     Defendant had legitimate, non-discriminatory and non-retaliatory reasons for taking the actions which are the subject of the instant complaint that were not pretextual.

11.     There is no basis for imputing liability to the Defendant.

12.     Plaintiff suffered no tangible employment action.

13.     Plaintiff has no damages. To the extent damages exist, Plaintiff failed to mitigate damages.

14.     Defendant reserves the right to amend this Answer to state additional defenses, and to delete or withdraw defenses, as may become apparent during the course of discovery.

WHEREFORE, having fully answered the Complaint, Defendant Modly prays that Plaintiff's Complaint be dismissed with prejudice, that Plaintiff take nothing by her Complaint, and that Defendant be allowed costs and such other and further relief as the Court deems just and equitable.

ANSWER
C19-6095 BHS 8

UNITED STATES ATTORNEY
1201 PACIFIC AVE., STE. 700
TACOMA, WASHINGTON 98402
(253) 428-3800

1      DATED this 21st day of January, 2020.

2

3                             Respectfully submitted,

4                             BRIAN T. MORAN
                            United States Attorney

5

6                             */s/ Patricia D. Gugin*
                            PATRICIA D. GUGIN, WSBA #43458

7                             Assistant United States Attorney
                            United States Attorney's Office

8                             1201 Pacific Avenue, Ste. 700
                            Tacoma, WA 98402

9                             Phone: 253-428-3832

10                           Fax: 253-428-3826
                          E-mail: pat.gugin@usdoj.gov

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28