1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KELLEY CALDWELL,

                     Plaintiff,

      v.

CARLOS DEL TORO,[1]

                     Defendant.

CASE NO. C19-6095 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT

13

14

15

16

17

18

19

     This matter comes before the Court on Defendant Carlos Del Toro's Motion for

Summary Judgment. Dkt. 14. Plaintiff Kelley Caldwell alleges that the Navy denied her a

reasonable accommodation and refused to grant her a promotion and a student loan

repayment request because of her pending reasonable accommodation request. *See* Dkt.

1. The Navy[2] moves for summary judgment, arguing that it denied Caldwell's requests

because she was not fulfilling the essential functions of her job. Dkt. 14. The Court has

20

21

22

     [1] Pursuant to Federal Rule of Civil Procedure 25(d), when a public officer ceases to hold office, "[t]he officer's successor is automatically substituted as a party." Carlos Del Toro is the current Secretary of the Department of the Navy.

     [2] For clarity, the Court refers to the Navy, rather than Del Toro, as the movant in this order.

ORDER - 1

1    considered the briefing filed in support of and in opposition to the motion and the

2    remainder of the file and hereby grants in part and denies in part the motion for the

3    reasons stated below.

## I.    BACKGROUND

5          Plaintiff Kelley Caldwell has been employed by the Department of the Navy as a

6    Physical Science Technician[3] ("PST") since 2015. Dkt. 20 at 1. Around the time she was

7    hired, the Navy medically examined Caldwell and discovered she had a hearing

8    impairment. *Id.* As a result, the Navy placed Caldwell in a hearing conservation program.

9    *Id.* In August 2017, a Navy audiologist instructed the Navy to provide Caldwell a pair of

10   active noise cancelling earmuffs. *Id.* at 1–2.

11         Caldwell was part of a crew that worked exclusively on the waterfront—an area

12   that has a great deal of industrial noise. *Id.* at 2. Due to her hearing impairment,

13   Caldwell's supervisor, Duane Merriman, reassigned her to another work group at the

14   refueling facility where there would be less industrial noise. *Id.* at 2–3. He did so with the

15   hope that he would be able to resolve the issue and transfer her back to his crew. Dkt. 20-

16   1, Ex. C, at 39:21–40:1. Upon transfer, Caldwell was still working as a PST. *Id.* at 28:22–

17   29:3. Merriman did try to procure earmuffs for Caldwell, but he was unsuccessful. *Id.* at

18   32:3–32:15.

19         Eventually, Caldwell requested a reasonable accommodation for the earmuffs.

20   Dkt. 20 at 3. Caldwell met with a reasonable accommodation counselor, Tahnee Orcutt,

21   _____

22       [3] This position is also known as a Radiological Controls Technician ("RCT"), and the parties use both titles interchangeably. *See* Dkt. 14 at 3.

1 and asked to be temporarily reassigned to a job off the waterfront until the Navy provided

2 her with earmuffs. *Id.* Caldwell then volunteered to work as part of a survey package

3 team. *Id.* at 5. Around this time, Caldwell signed a letter acknowledging that she was

4 unable to perform the essential function of a PST and that she required reassignment. *Id.*

5 Caldwell claims that she only signed the letter because Orcutt told her she would

6 otherwise be fired. *Id.*

7          Navy employees may receive a "career ladder promotion" when they have spent a

8 certain amount of time working in the job at a particular grade level. *Id.* at 6. Such a

9 "promotion" is not a change in job title, but rather an increase in step grade accompanied

10 by a pay raise. Caldwell was employed at Grade 6 and was required to spend one year at

11 that grade to qualify for a promotion to Grade 7. *Id.* Had Caldwell not required a

12 reassignment, she would have been eligible for a career ladder promotion in March 2018.

13 *Id.* Instead, the Navy informed Caldwell that she was not eligible for the promotion

14 because she had not been performing the essential functions of her job. *Id.* Caldwell

15 disputes that assertion, arguing she worked as a PST for the entire year, despite her

16 reassignments. *Id.* As a result of her promotion denial, Caldwell filed a complaint of

17 discrimination and retaliation with the Navy's EEO office on March 28, 2018. *Id.*

18          Three months later, Caldwell discovered that the Navy had withheld her request

19 for student loan repayment. *Id.* Caldwell added this issue to her EEO complaint. *Id.* The

20 Navy claims that Caldwell's request was withheld because she was not performing the

21 essential functions of a PST and because she faced the imminent possibility of moving to

22 a position not qualified for student loan repayment due to her request for reasonable

1 accommodation. Dkt. 14 at 9. Caldwell alleges that the Navy withheld her request

2 because she had requested a reasonable accommodation and argues that their motivation

3 became clear when her repayment was pushed through immediately after she withdrew

4 her request for reasonable accommodation. Dkt. 20 at 7.

5      Caldwell withdrew her request for reasonable accommodation on July 12, 2018.

6 *Id.* The Navy granted her career ladder promotion on July 22, 2018. *Id.* The Navy granted

7 her request for student loan repayment in September 2018. Dkt. 14 at 9. As a result of the

8 delay, Caldwell's career ladder promotions are now permanently delayed by around four

9 months.

10      Caldwell sued, alleging that the Navy denied her a reasonable accommodation and

11 retaliated against her for requesting a reasonable accommodation and for filing an EEO

12 complaint. Dkt. 1. The Navy now moves for summary judgment, arguing that Caldwell

13 failed to exhaust her denial of reasonable accommodation claim because she did not

14 timely file an EEO complaint and that Caldwell failed to establish that the Navy's reasons

15 for denying her career ladder promotion and her student loan repayment were pretextual.

16 Dkt. 14. Caldwell does not respond to the Navy's exhaustion argument but argues that the

17 reasons the Navy gave for denying her requests were pretextual. Dkt. 20.

## II.   DISCUSSION

### A.   Summary Judgment Standard

20      Summary judgment is proper "if the pleadings, the discovery and disclosure

21 materials on file, and any affidavits show that there is no genuine issue as to any material

22 fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

ORDER - 4

1    In determining whether an issue of fact exists, the Court must *view all evidence in the*

2    *light most favorable to the nonmoving party* and draw all reasonable inferences in that

3    party's favor. *Anderson Liberty Lobby, Inc*., 477 U.S. 242, 248–50 (1986) (emphasis

4    added); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of

5    material fact exists where there is sufficient evidence for a reasonable factfinder to find

6    for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the

7    evidence presents a sufficient disagreement to require submission to a jury or whether it

8    is so one-sided that one party must prevail as a matter of law." *Id*. at 251-52. The moving

9    party bears the initial burden of showing that there is no evidence which supports an

10   element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

11   (1986). Once the movant has met this burden, the nonmoving party then must show that

12   there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails

13   to establish the existence of a genuine issue of material fact, "the moving party is entitled

14   to judgment as a matter of law." *Celotex*, 477 U.S. at 323-24.

15          There is no requirement that the moving party negate elements of the non-

16   movant's case. *Lujan v. National Wildlife Federation*, 497 U.S. 871 (1990). Once the

17   moving party has met its burden, the non-movant must then produce concrete evidence,

18   without merely relying on allegations in the pleadings, that there remain genuine factual

19   issues. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

20   **B.      Failure to Accommodate**

21          Caldwell claims that the Navy failed to accommodate her by failing to provide her

22   with noise-cancelling earmuffs or limit her assignments to areas without heavy industrial

1   noise. Dkt. 1, ¶ 5.7. Defendants argue that Caldwell's failure to accommodate claim is

2   barred because she failed to timely exhaust the claim with the Equal Employment

3   Opportunity Commission ("EEOC"). Dkt. 14 at 13–14. Caldwell did not respond to the

4   Navy's exhaustion argument. *See* Dkt. 20.

5          Prior to suing for employment discrimination against a United States agency, "a

6   claimant must exhaust her administrative remedies by filing a claim of discrimination

7   with the allegedly offending agency in accordance with published procedures." *Leorna v.*

8   *U.S. Dep't of State*, 105 F.3d 548, 550 (9th Cir. 1997). To exhaust those remedies, the

9   claimant must contact an EEOC Counselor within 45 days of the allegedly discriminatory

10  action. 29 C.F.R. § 1614.105(a)(1). The agency must extend the time limit if the claimant

11  shows that she did not know about the time limits, that she did not know about the

12  discrimination, that she was prevented from contacting the counselor for reasons beyond

13  her control, or for any other reasons considered sufficient by the agency or the EEOC. *Id.*

14  at (a)(2).

15         The Navy denied Caldwell a long-term accommodation in October 2017. Dkt. 15-

16  1 at 60:13–61:2. Caldwell did not initiate the EEOC process until March 28, 2018—well

17  past the 45-day time limit. *Id.* at 21:21–22:11. Thus, the only remaining question is

18  whether Caldwell had a sufficient reason for her failure to timely exhaust.

19         It is undisputed that Caldwell knew how to contact EEOC and that she could do so

20  if she had any issues at work. *Id.* at 19:6–18, 20:10–14. It is also undisputed that Caldwell

21  knew her accommodation request had been denied in October 2017. *Id.* at 60:13–61:2,

22  64:18–65:7. No facts have been presented to suggest that Caldwell was unable to contact

1    EEOC within 45 days, and Caldwell does not even try to advance such an argument. The

2    Court agrees that Caldwell failed to timely exhaust. Therefore, the Navy's motion for

3    summary judgment on Caldwell's failure to accommodate claim is GRANTED.

4    **C.      Retaliation**

5          There is a three-step burden-shifting framework for considering summary

6    judgment in an employment retaliation case. *Brooks v. City of San Mateo*, 229 F.3d 917,

7    928 (9th Cir. 2000). To create a triable issue, the plaintiff first must establish a prima

8    facie case by showing "(1) involvement in a protected activity, (2) an adverse

9    employment action[,] and (3) a causal link between the two." *Id.* (internal citation

10   omitted). If the plaintiff makes a prima facia case, the burden shifts to the defendant to

11   present a legitimate reason for the adverse employment action. *Id.* If the employer does

12   so, the burden shifts back to the plaintiff to "demonstrate a genuine issue of material fact

13   as to whether the reason advanced by the employer was a pretext." *Id.* "Only then does

14   the case proceed beyond the summary judgment stage." *Id.*

15         A plaintiff may establish pretext "either directly by persuading the court that a

16   discriminatory reason more likely motivated the employer or indirectly by showing that

17   the employer's proffered explanation is unworthy of credence." *Texas Dep't of Cmty.*

18   *Affairs v. Burdine*, 450 U.S. 248, 256 (1981) (internal citation omitted). "Circumstantial

19   evidence of pretext must be specific and substantial in order to survive summary

20   judgment." *Bergene v. Salt River Project Agric. Improvement & Power Dist.,* 272 F.3d

21   1136, 1142 (9th Cir. 2001) (internal citation omitted).

22

1    Caldwell has established a prima facie case. Caldwell engaged in protected

2 activity when she filed a request for reasonable accommodation. She also suffered

3 adverse employment action when the Navy denied her a promotion and delayed her

4 student loan refund. She has also demonstrated a causal link in that her promotion request

5 and student loan refund were both approved shortly after she withdrew her reasonable

6 accommodation request.

7    The Navy argues that it had legitimate reasons for denying Caldwell a promotion

8 and refusing to grant her student loan reimbursement request. First, the Navy argues that

9 it denied Caldwell a promotion and student loan reimbursement because she was not

10 performing the essential functions of her job. Dkt. 14 at 13–14. Second, the Navy argues

11 that it also denied Caldwell's student loan refund request because she faced the imminent

12 possibility of moving to a position not qualified for student loan repayment due to her

13 request for reasonable accommodation. *Id.* at 14 n.7.

14    Caldwell argues that she has established that the Navy's proffered reasons for

15 denying her promotion and her repayment request are pretextual. Caldwell first argues

16 that the timing of her eventual promotion and repayment approval demonstrate pretext

17 because both were approved shortly after she withdrew her reasonable accommodation

18 request. Dkt. 20 at 12. Moreover, at the time the Navy finally granted her promotion,

19 Caldwell had not been performing the essential functions of her job under the Navy's

20 own standards. *Id.* Caldwell also argues that other Navy employees who were assigned

21 similar "light duty" positions, but who did not have pending reasonable accommodation

22 requests, were not denied promotions. *Id.* at 11.

1    While the Navy disputes that other similarly situated PSTs were promoted,

2    Caldwell presents sufficient disputed facts to survive summary judgment. There is a

3    disputed issue of material fact as to whether the Navy's stated reasons for denying

4    Caldwell's promotion and repayment request are pretextual.

5    Thus, the Navy's motion for summary judgment as to Caldwell's retaliation claims

6    is DENIED.

### III.  ORDER

8    Therefore, it is hereby **ORDERED** that Defendant's Motion for Summary

9    Judgment, Dkt. 14, is **GRANTED** as to Plaintiff Caldwell's failure to accommodate

10   claim. That claim is **DISMISSED with prejudice** for failure to exhaust. It is hereby

11   further **ORDERED** that Defendant's motion for summary judgment on Plaintiff's

12   remaining claims, Dkt. 14, is **DENIED**.

13   Dated this 13th day of December, 2021.

BENJAMIN H. SETTLE
United States District Judge