|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>WESTERN DISTRICT OF WASHINGTON<br>AT TACOMA | |
| KELLEY CALDWELL,<br><br>             Plaintiff,<br><br>   v.<br><br>CARLOS DEL TORO,<br><br>            Defendant. | CASE NO. C19-6095 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE THE JURY |

This matter comes before the Court on Defendant Carlos Del Toro's[1] Motion to Strike the Jury, Dkt. 38. This case is based on Plaintiff Kelley Caldwell's request for reasonable accommodation for noise cancelling earmuffs and alleged subsequent retaliation for making such a request. *See* Dkt. 1. The facts of this case have been detailed elsewhere and the Court need not repeat them here. *See, e.g.*, Dkt. 26.

The Navy moved for summary judgment in June 2021. Dkt. 14. The Court granted summary judgment on Caldwell's reasonable accommodation claim, concluding she had

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), when a public officer ceases to hold office, "[t]he officer's successor is automatically substituted as a party." Carlos Del Toro is the current Secretary of the Department of the Navy.

ORDER - 1

1 failed to administratively exhaust that claim. Dkt. 26 at 5–7. The Court denied summary

2 judgment on Caldwell's retaliation claim, concluding there were disputes of material fact

3 as to whether the Navy had denied her a promotion and student loan forgiveness because

4 of her reasonable accommodation request. *Id.* at 7–9. Thus, Caldwell's retaliation claim

5 remains before the Court. The parties are set to go to trial on that claim on June 14, 2022.

6 Dkt. 30.

7       The Navy moves to strike the jury, mere weeks before the trial is set to commence.

8 Dkt. 38. It argues that Caldwell's retaliation claim under the Rehabilitation Act is

9 equitable in nature and therefore must be tried to the Court. *Id.* Caldwell argues that

10 compensatory damages are available for retaliation claims under the Rehabilitation Act

11 and therefore the claim should be heard by a jury. Dkt. 42.

12       The rules regarding whether and when compensatory damages are available under

13 the Rehabilitation Act, along with under the Americans with Disabilities Act ("ADA"),

14 are unclear. The Ninth Circuit has not addressed this issue specifically, and district courts

15 in this circuit are split on the question. *Compare Lee v. Natomas Unified School Dist.*, 93

16 F. Supp. 3d 1160, 1170–71 (E.D. Cal. 2015) (holding compensatory damages are

17 available for retaliation claims against public entities under the Rehabilitation Act) *and*

18 *Herrera v. Giampietro*, No. 1:09-cv-01466-OWW-SKO, 2010 WL 1904827, at *9 (E.D.

19 Cal. May 10, 2010) (holding compensatory damages are available for retaliation claims

20 against public entities under the ADA) *with Iceberg v. Martin*, No. 15-cv-1232 JLR, 2017

21 WL 396438, at *6 (W.D. Wash. Jan. 30, 2017) (holding compensatory damages are not

22

available for retaliation claims under the Rehabilitation Act) *and McCoy v. Dep't of Army*, 789 F. Supp. 2d 1221, 1234 (E.D. Cal. 2011) (same).

The Rehabilitation Act does not itself has a retaliation provision but incorporates the ADA's retaliation provision, 42 U.S.C. § 12203. *See* 29 U.S.C. § 791(f). "[R]emedies for violations of the ADA and the Rehabilitation Act are co-extensive with each other . . . and are linked to Title VI of the Civil Rights Act of 1964." *Ferguson v. City of Phoenix*, 157 F.3d 668, 673 (9th Cir. 1998). In *Alvarado v. Cajun Operating Co.*, the Ninth Circuit held that compensatory damages are not available for retaliation claims under the ADA. 588 F.3d 1261, 1270 (9th Cir. 2009). It therefore follows under *Ferguson*, that compensatory damages are not available under the Rehabilitation Act.

Nevertheless, there is a district court split in this circuit regarding whether compensatory damages are available under the Rehabilitation Act for retaliation claims against public entities. The ADA has different remedy provisions for public and private entities. *Compare* 42 U.S.C. § 12117 (ADA remedies provision citing 42 U.S.C. § 2000e-5 which clarifies that only equitable remedies are available for ADA retaliation claims against private entities receiving federal funding) *with Barnes v. Gorman*, 536 U.S. 181, 186–87 (holding that the remedies available in the ADA provision 42 U.S.C. § 12133, governing public entities, are co-extensive with the remedies available in Title VI claims, which include monetary damages). The courts in this circuit that have concluded monetary damages are available for Rehabilitation Act retaliation claims have relied on the private-public distinction, distinguishing *Alvarado* because it was a suit against a private entity. *See, e.g.*, *Lee*, 93 F. Supp. 3d at 1170–71.

Other courts in this circuit, however, have followed the Ninth Circuit's unambiguous holding in *Alvarado*, that compensatory damages are not available for retaliation claims under the ADA. *See McCoy*, 789 F. Supp. 2d at 1234; *Iceberg v. Martin*, 2017 WL 396438, at *6. While *Alvarado* involved a claim against a private entity, the Ninth Circuit did not distinguish between public and private entities in its holding. It therefore follows that compensatory damages are not available for retaliation claims against either private or public entities under the Rehabilitation Act in this circuit. The Court sees no reason to stray from the analysis in *Alvarado*.

Therefore, it is hereby **ORDERED** that Defendant Carlos Del Toro's Motion to Strike the Jury, Dkt. 38, is **GRANTED**. The jury is stricken and the trial will be a bench trial.

Dated this 27th day of May, 2022.

BENJAMIN H. SETTLE
United States District Judge